14 F.3d 599
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Robert L. WINNER; Lynne A. Winner, Plaintiffs-Appellants,
v.
PEOPLES NATIONAL BANK OF MARTINSBURG, West Virginia, a West
Virginia Corporation, Defendant-Appellee,
and
First National Bank Morgantown; First Banc Securities,
Incorporated, Defendants.
 No. 92-2494.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 17, 1993.
Decided: Dec. 17, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Richard D. Heideman, The Heideman Law Group, P.C., for appellants.
 James A. Johnson, Stacy Finn Allen, Semmes, Bowen & Semmes, for appellees.
 D.Md.
 AFFIRMED.
 Before WILKINSON, NIEMEYER and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Robert L. Winner and Lynne A. Winner appeal from the district court's order granting summary judgment to the Peoples National Bank of Martinsburg, West Virginia, on the Winners' claims arising out of a commercial loan transaction and subsequent foreclosure action by Peoples. The Winners also appeal from the district court's order denying their motion for reconsideration. We review the grant of summary judgment de novo. Overstreet v. Kentucky Cent. Life Ins. Co., 950 F.2d 931, 938 (4th Cir.1991). Summary judgment is properly granted where the record taken as a whole, drawing all justifiable inferences in favor of the non-moving party, could not lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). With this standard in mind, we find that summary judgment was properly granted to Peoples.
 
 
 2
 The Winners opened a silk flower shop in Cumberland, Maryland, in 1985. They opened a second shop, also in Cumberland, later that year. In 1987, they opened a third shop in Keyser, West Virginia. In January 1988, the Winners approached a representative of Peoples about the possibility of consolidating their outstanding business indebtedness so that they could afford to move one of their shops to a better location. On April 15, 1988, the Winners closed on an $85,000 commercial loan with Peoples which consolidated six of their eight outstanding loans.[1] As security, the Winners pledged not only their shops, inventory, accounts receivable, and other business assets, but also gave Peoples a second deed of trust on their residence. Peoples also held the first deed of trust on the Winners' residence because the Winners refinanced their home mortgage loan with Peoples in March 1988. The Winners, however, soon defaulted on both loans.
 
 
 3
 In August 1989, Peoples notified the Winners that it was going to proceed with foreclosure. The Winners made a partial payment a few days later. Peoples agreed to postpone the foreclosure until September 5, 1989, giving the Winners the opportunity to bring both loans current. In November 1989, the Winners sued Peoples in West Virginia state court seeking injunctive relief against foreclosure. The Winners alleged that Peoples acted in bad faith and committed fraudulent and negligent banking practices related to the loans, that Peoples had converted assets belonging to the Winners, that they had not received proper notice regarding the foreclosure, and that they were not in default on the commercial loan.
 
 
 4
 The state court denied the Winners' requested relief and found specifically that (1) the notice of foreclosure and subsequent sale were proper and in accordance with law and the provisions contained in the deed of trust; (2) the Winners were in default; (3) there were no acts of bad faith or fraudulent or negligent banking practices which could be discerned from the evidence, testimony, and exhibits before the court; and, (4) the allegations of conversion were groundless in fact and in law. The Winners' home was sold at foreclosure to Peoples, the highest bidder.
 
 
 5
 The Winners filed this action in district court in September 1990 alleging (in their amended complaint, filed July 1991):(1) negligent misrepresentation and detrimental reliance; (2) breach of contract; (3) conversion; (4) trespass, wrongful entry, and wrongful seizure; (5) negligence; (6) breach of promise/fiduciary duty; (7) violation of the Federal Truth in Lending Act; (8) outrageous conduct; (9) lack of good faith; (10) breach of fiduciary duty--fraud; and (11) interference with economic relations. The events which formed the basis of the Winners' complaint in federal court were the same as those in the West Virginia state court action: the negotiations leading up to the loans closed in March and April 1988. Specifically, the Winners contend that Peoples promised to loan an amount of money sufficient to have paid off all eight prior loans, instead of six.
 
 
 6
 The district court granted summary judgment to Peoples on the ground that, under West Virginia law regarding issue and claim preclusion, the Winners' claims were precluded from relitigation, having been adjudicated by the Circuit Court for West Virginia. The Winners' motion for reconsideration was denied. They timely filed this appeal.[2]
 
 
 7
 The Full Faith and Credit Act provides, in relevant part, that state court judgments "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. Sec. 1738 (1988). Under Sec. 1738, a federal court must give the same preclusive effect to a state court judgment as another court of that State would give. Allen v. McCurry, 449 U.S. 90, 96 (1980). Therefore, the district court properly looked to the law of West Virginia to determine if the Winners' suit would have been barred by courts of that state under the doctrine of res judicata.
 
 
 8
 West Virginia law holds that issue and claim preclusion apply if it is established that "the first judgment [was] rendered on the merits and [was] a final judgment by a court having competent jurisdiction over the subject matter and the parties." Conley v. Spillers, 301 S.E.2d 216, 220 (W. Va.1983) (quoting In re Estate of McIntosh, 109 S.E.2d 153 (W. Va.1959)). The Winners do not dispute that the West Virginia court in this case had subject matter jurisdiction, that the parties in that action were the same parties as in this action, or that it was a final judgment. They argue, however, that issue or claim preclusion do not apply here because "[i]n the case at bar, Appellants' cause of action is based on a variety of claims unrelated to the West Virginia foreclosure proceedings, but directly related to elements of the loan transactions between the Appellants and Appellees." (Appellant's brief, p. 10). However, as the district court pointed out, the West Virginia court, in determining whether to allow Peoples to foreclose, "necessarily had to determine the validity of the loan between [the Winners] and [Peoples] (which determination involved considerations of bad faith, fraud, and negligence), the status of that loan, and [Peoples's] actions in proceeding to foreclosure." (District court's memorandum opinion, p. 12). In fact, the West Virginia court made specific findings on these issues. Because West Virginia law would bar relitigation of not only those claims actually litigated, but "every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action," Conley, 301 S.E.2d at 219, we find the present suit to be barred. Therefore we affirm the district court's order granting summary judgment to Peoples. For the same reason, we affirm the order denying the Winners' motion for reconsideration.
 
 
 9
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.
 
 AFFIRMED
 
 
 [1]
 The two remaining loans were consolidated into one loan with another bank
 
 
 [2]
 The district court also assessed costs against the Winners in the amount of $8,490.85. However, the Winners did not appeal that order